# C J C

## CONSUMER JUSTICE CENTER, P.A.

*367 Commerce Court*
*Vadnais Heights, MN  55127*
*Telephone:  (651) 770-9707*
*Facsimile: (651) 704-0907*
*Internet Address: http://www.consumerjusticecenter.com*
*Email Address: tommy@consumerjusticecenter.com*

August 15, 2017

*Via ECF*

The Honorable Donovan W. Frank
United States District Court
724 Federal Building
316 N. Robert Street
St. Paul, MN 55101

      Re:    <u>*Kruckow v. Rushford Bank, et al*</u>,
             Court File No.: 16-cv-2418 DWF/TNL
             Our File No.: 11224

Dear Judge Frank:

Pursuant to Local Rule 7.1(j), Plaintiff respectfully requests permission to file a Motion to Reconsider this Court's July 19, 2017 Memorandum Opinion And Order ("Order") which granted in part, and denied in part, Defendants' collective Motions to Dismiss Plaintiff's Amended Complaint. (*ECF No. 83*). Plaintiff believes a Motion for Reconsideration is necessary to correct an erroneous application of the law, reliance on incorrect facts and to prevent a manifest injustice.

As a preliminary matter, Defendants did not "counter that Schroeder had no idea about the fraud." (*ECF No. 83 at pg. 10*). No affidavit testimony was submitted to support this assertion, nor should it have been as this was only a Rule 12 motion meant to determine the sufficiency of facts pled. The Court should not have been ruling upon possible "alternative scenarios." Whether Craig Schroeder ("Schroeder") had a permissible purpose and what he knew about the fraud are fact questions a jury must decide to determine whether Defendants are liable to Plaintiff. Plaintiff should be allowed to proceed with conducting discovery accordingly.

Further, the Court analyzed the February 2013 credit report pull performed by Merchants Bank ("Merchants") and the November 2013 pull performed by Rushford Bank ("Rushford") as if they occurred under the exact same set of facts stating the "banks were continuing to monitor Plaintiff's credit as part of ongoing loans" (*ECF No. 83 at pages 10 and 13*).  This is simply not accurate and misses the arguments presented by Plaintiff.

CONSUMER JUSTICE CENTER, P.A.

August 15, 2017
Page 2

Your Honor held that Plaintiff had an ongoing credit relationship with Merchants when it pulled her credit report in February 2013. For purposes of this correspondence my client does not take issue with that conclusion. However, this was *not* the case when Rushford pulled her credit report on November 8, 2013. It is undisputed Plaintiff did not have any accounts with Rushford on November 8, 2013. Thus, Rushford could not have been monitoring an existing account. Moreover, and most significantly, Rushford did not even have a credit application in its possession allegedly bearing Plaintiff's signature until a seven days *after* the November 8, 2013, pull of her credit report. (*See ECF No. 35 at ¶¶ 45-54*). Application documents generated days after a pull can never be retroactively used to claim a customer (Plaintiff) initiated a credit transaction which involved her, as required to prove a permissible purpose existed.

The Court also applied the wrong standard when analyzing the November 8, 2013, credit report pull asserting the bank[s] "have not violated FCRA unless they lacked a reasonable belief that they had a permissible purpose to obtain the report." (*ECF No. 83 at pg. 11*). This reasonable belief standard applies only to the credit bureaus. The relevant language in 15 U.S.C. § 1681b provides that a consumer reporting agency may furnish a consumer report to a person *which it has reason to believe* intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review of an account of, the consumer. *See* 15 U.S.C. § 1681b (a)(3)(A) (**emphasis added**).

To this end, Rushford did **not** have "reason to believe" anything as it had no prior relationship with Plaintiff and was not in possession of any credit application that would have formed the basis for such belief. The proper standard applied to the requesting party (like Rushford) is whether the party willfully requested the report under false pretenses or should have known no permissible purpose existed. *See Cappetta v. GC Services Limited Partnership*, 654 F.Supp.2d 453 (E.D.Va.2009). Rushford may come forward in discovery and explain why it pulled the November 8, 2013, credit report but as of now Plaintiff's allegations are unrebutted and should survive the Rule 12 motion.

Based on all the foregoing, compelling circumstances exist for the Court to hear a motion to reconsider. Thank you for considering this request.

                                              Respectfully submitted,

                                              s/Thomas J. Lyons Jr.
                                              Thomas J. Lyons Jr.

TJR/aw
Cc:    All Counsel of Record (*Via ECF*)