# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Dana D. Kruckow,  Civil No. 16-2418 (DWF/TNL)

        Plaintiff,

v.  **ORDER**

Merchants Bank, Rushford State Bank,
Craig Schroeder, individually, and Paul A.
Kruckow, individually,

        Defendants.

---

Thomas J. Lyons, Jr, Esq., Consumer Justice Center P.A., counsel for Plaintiff.

Charles E. Nelson, Esq., Kathryn E. Wendt, Esq., and Kirstin D. Kanski, Esq., Lindquist & Vennum LLP, counsel for Defendant Merchants Bank.

John P. Boyle, Esq., and Sarah E. Doerr, Esq., Moss & Barnett, PA, counsel for Defendant Rushford State Bank.

Kristin B. Rowell, Esq., Anthony Ostlund Baer & Louwagie P.A., counsel for Defendant Craig Schroeder.

Charles A. Bird, Esq., and Grant M. Borgen, Esq., Bird, Jacobsen & Stevens, P.C., counsel for Defendant Paul A. Kruckow.

---

      In accordance with Local Rule 7.1(j), Plaintiff Dana D. Kruckow has requested permission to file a motion for reconsideration of the Court's July 19, 2017 Memorandum Opinion and Order (Doc. No. 83). (Doc. No. 90.) Defendants opposed this request.

(Doc. Nos. 96-99.) For the reasons outlined below, the Court grants in part and denies in part Plaintiff's request.

The Court assumes the reader's familiarity with the facts of the case, which are more fully set out in the Court's July 19, 2017 Memorandum Opinion and Order (Doc. No. 83). In short, Defendant Paul A. Kruckow allegedly forged Plaintiff's signature (his then-wife) to obtain loans by fraud from Defendants Merchants Bank and Rushford State Bank. Plaintiff contends that the loan officer, Defendant Craig Schroeder, knew about and facilitated the fraud. When Plaintiff raised the issue of the loans to the banks, they forgave her obligation to repay the loans. As relevant here, Plaintiff brought claims against Defendants for violating the Fair Credit Reporting Act ("FCRA")[1] when they obtained Plaintiff's credit report on three separate occasions. The first credit report—February 8, 2013—was obtained by Schroeder during the life of a loan held by Merchants Bank. The second credit report—November 8, 2013—was obtained in advance of two loans closed on November 15, 2013 with Rushford State Bank. And the last credit report—October 31, 2014—was allegedly obtained by Schroeder for Paul Kruckow to use for his divorce petition, which was filed in mid-December 2014.

The Court dismissed the claims against the banks and Schroeder for the first two reports because the Court concluded that Plaintiff had failed to plausibly allege that the banks and Schroeder did not have a permissible purpose to obtain the reports. In so concluding, the Court rejected Plaintiff's allegations that Schroeder was complicit in Paul

---

[1] 15 U.S.C. § 1681, *et seq.*

Kruckow's fraud because Plaintiff had failed to plausibly allege why Schroeder would participate in the scheme.

Plaintiff filed a letter requesting permission to file a motion to reconsider. Under Local Rule 7.1(j), a party must show "compelling circumstances" to obtain permission to file a motion to reconsider. D. Minn. L.R. 7.1(j). A motion to reconsider should not be employed to relitigate old issues, but rather to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. United States Dept. of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993). Plaintiff argues that the Court made two main errors: (1) the Court incorrectly rejected the allegations that Schroeder participated in the fraud; and (2) the Court erroneously analyzed the second credit report as part of an ongoing credit relationship and applied the wrong standard.

First, the Court did not err by disregarding as implausible Plaintiff's allegation that Schroeder was complicit in the fraud. Plaintiff contends that the Court erred because Schroeder or the Banks did not produce an affidavit explaining why the reports were pulled. Plaintiff, however, misstates the legal standard. On a motion to dismiss under Rule 12(b)(6), the Court is charged with "consider[ing] whether there are lawful, 'obvious alternative explanation[s]' for the alleged conduct." *McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015), *cert. denied sub nom. McDonough v. Anoka Cty., Minn.*, 136 S. Ct. 2388 (2016). Here, the Court found the alternative explanation that Schroeder did not know about the fraud sufficiently convincing given that Plaintiff failed to allege any benefit Schroeder would receive from his participation. In fact, Plaintiff alleged the opposite: Plaintiff quoted Schroeder's statement to police where he said he

had nothing to gain. (Am. Compl. ¶ 83i). Thus, Plaintiff has failed to show that compelling circumstances warrant revisiting the Court's decision.

Second, Plaintiff argues that the Court misstated the facts and applied the wrong standard to its analysis of the November 8, 2013 credit report. In its Memorandum Opinion and Order, the Court misstated that the November 8 report was obtained during the life of a loan with Rushford State Bank. Instead, the report was obtained in advance of two loans closing on November 15, 2013.

"To state a claim for civil liability based on Section 1681b, a plaintiff must allege both that the defendant used or obtained the plaintiff's [consumer] report for an impermissible purpose, and that the violation was willful or negligent." *Braun v. United Recovery Sys., LP*, 14 F. Supp. 3d 159, 166 (S.D.N.Y. 2014) (collecting cases). As relevant here, Plaintiff alleged that Defendants engaged in willful conduct, which is necessary to recover statutory damages. A willful violation includes reckless conduct. *See, e.g.*, *Saumweber v. Green Tree Servicing, LLC*, Civ. No. 13-03628, 2015 WL 2381131, at *5 (D. Minn. May 19, 2015). Rushford State Bank and Schroeder moved to dismiss the claims for the November 8, 2013 consumer report on the basis that they had a permissible purpose to pull Plaintiff's credit report. Whether a permissible purpose exists is a question of law. *Id.* at *3. But whether the violation was willful is generally a question of fact. *See Zaun v. J.S.H. Inc., of Faribault*, Civ. No. 10-2190, 2010 WL 3862860, at *2 (D. Minn. Sept. 28, 2010). As explained in the memorandum, Courts are split on whether a business violates FCRA when an imposter causes the business to obtain a credit report. (*See* Doc. No. 83 at 11 (Collecting cases).) But given the Court's

4

misstatement of the facts leading up to the second credit report, the Court concludes that Plaintiff's request to file a motion to reconsider should be granted as to the November 8, 2013 credit report. In particular, the Court is concerned that Rushford State Bank did not implement the proper mechanism to confirm Plaintiff's desire to co-sign the loan given that this was the first loan at Rushford State Bank. *See Andrews v. TRW, Inc.*, 225 F.3d 1063 (9th Cir. 2000), *rev'd on other grounds*, 534 U.S. 19 (2001). The parties should focus their briefing on the FCRA claim because the related claims will survive or not based on that claim. In addition, the parties should bear in mind what the Court has already determined: Plaintiff has failed to plausibly allege that Rushford State Bank or Schroeder was aware of Paul Kruckow's alleged fraud.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's request for leave to file a motion for reconsideration (Doc. No. [90]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Plaintiff may file a motion for reconsideration consistent with this order.

2. Plaintiff and Defendants Rushford State Bank and Schroeder shall meet and confer on a briefing schedule. The briefs shall not exceed 10 pages.

3. If the Court determines a hearing is necessary, then it will contact the parties to schedule such a hearing.

4. The Court respectfully denies the remainder of Plaintiff's request to file a motion for reconsideration.

Dated: September 14, 2017     s/Donovan W. Frank
                                             DONOVAN W. FRANK
                                             United States District Judge