UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dana D. Kruckow,                                       Civil No. 16-2418 (DWF/DTS)

          Plaintiff,

v.                                                     MEMORANDUM
                                                       OPINION AND ORDER
Merchants Bank, Rushford State Bank,
Craig Schroeder, individually, and Paul A.
Kruckow, individually,

          Defendants.

---

Thomas J. Lyons, Jr, Esq., Consumer Justice Center P.A., counsel for Plaintiff.

Charles E. Nelson, Esq., Kathryn E. Wendt, Esq., and Kirstin D. Kanski, Esq., Lindquist & Vennum LLP, counsel for Defendant Merchants Bank.

John P. Boyle, Esq., and Sarah E. Doerr, Esq., Moss & Barnett, PA, counsel for Defendant Rushford State Bank.

Kristin B. Rowell, Esq., Anthony Ostlund Baer & Louwagie P.A., counsel for Defendant Craig Schroeder.

Charles A. Bird, Esq., and Grant M. Borgen, Esq., Bird, Jacobsen & Stevens, P.C., counsel for Defendant Paul A. Kruckow.

---

## INTRODUCTION

The plaintiff brought this action after learning in divorce proceedings that her then-husband had obtained a number of loans by allegedly forging her signature as a co-signer. After this revelation, the plaintiff filed suit against the banks, the loan officer,

and her husband alleging violations of the Fair Credit Reporting Act ("FCRA")[1] as well as various state law claims. The Court dismissed the plaintiff's complaint in part. The matter is now before the Court on the plaintiff's motion to reconsider. For the reasons discussed below, the Court grants the plaintiff's motion.

## BACKGROUND

The Court assumes the reader's familiarity with the facts of the case, which are more fully set out in the Court's July 19, 2017 Memorandum Opinion and Order (Doc. No. 83). In short, Defendant Paul A. Kruckow allegedly misrepresented Dana's[2] (his then-wife) intent to be jointly liable for various loans from Defendants Merchants Bank and Rushford State Bank. The misrepresentations took many forms, ranging from forging Dana's signature to verbal representation. As relevant here, Paul told Rushford Loan Officer Schroeder that Dana intended to be jointly liable for two loans, which would close on November 15, 2013. Schroeder and Rushford allegedly did not require Paul to submit any documentation to show Dana's intent, including, for example, an application for the loan. Although Paul had worked with Schroeder to borrow money before, who was then at Merchants Bank, Paul had never borrowed money from

---

[1]   15 U.S.C. § 1681, *et seq.*

[2]   Because both Paul Kruckow and Dana Kruckow are both parties to this action, the Court will use the parties' first names, which should not be read to connote familiarity and is used simply for readability.

Rushford up to that point.[3]  Based on Paul's verbal representation, Schroeder and Rushford pulled Dana's credit report on November 8, 2013.

As relevant here, Plaintiff brought claims against Rushford Bank and Schroeder for violating the FCRA and various state laws for the credit report obtained on November 8, 2013, in advance of two loans closed on November 15, 2013.  The Court dismissed the claims against Rushford and Schroeder for the November 8, 2013 report because the Court concluded that Plaintiff had failed to plausibly allege that the banks and Schroeder did not have a permissible purpose to obtain the report.  Additionally, the Court dismissed Plaintiff's claims for invasion of privacy, vicarious liability, and civil conspiracy for the November 8, 2013 report based on the conclusion that Rushford Bank and Schroeder had a permissible purpose.  Plaintiff now moves the Court to reconsider its dismissal of the claims associated with the November 8, 2013 report.

## DISCUSSION

"A 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 997 (8th Cir. 2017) (quoting *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008)).  This Court's Local Rules authorize a party to move for reconsideration after obtaining leave, upon a showing of "compelling

---

[3]  In its Memorandum Opinion and Order, the Court misstated that the November 8 report was obtained during the life of a loan with Rushford State Bank.

circumstances." D. Minn. LR 7.1(j).[4] Non-final orders are challenged under Rule 60(b). *See, e.g.*, *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999) (noting that motions under Rule 59(e) are directed only to *judgments*, "not any non[-]final order," and hence a motion for reconsideration directed to a non-final order should be considered under Rule 60(b), which by its terms applies to both judgments and orders); *see also Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) ("[M]otions for reconsideration are nothing more than Rule 60(b) motions when directed at non-final orders.") (internal quotation marks omitted).

Under Rule 60(b), the Court may relieve a party from an order due to, among other things, "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "The rule 'provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'" *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986)). "Rule 60(b) is a motion grounded in equity and exists to prevent the judgment from becoming a vehicle of injustice." *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (internal quotation marks omitted).

Here, the Court dismissed the claims against Rushford and Schroeder for the November 8, 2013 report because the Court concluded that Plaintiff had failed to plausibly allege that the banks and Schroeder did not have a permissible purpose to obtain the reports. In her motion to reconsider, Plaintiff correctly points out that the

---

[4] The Court granted in part Plaintiff's motion to reconsider on September 14, 2017. (Doc. No. 100.)

Court misstated that the November 8, 2013 report was pulled during the life of a loan held at Rushford. Instead, the report was obtained in advance of two loans closing on November 15, 2013, which were the first loans Paul ever held with Rushford. Plaintiff argues that because Rushford had never issued a loan to the Kruckows, Rushford and Schroeder could not have reasonably believed that they had a permissible purpose to pull Dana's credit report.

"To state a claim for civil liability based on Section 1681b, a plaintiff must allege both that the defendant used or obtained the plaintiff's [consumer] report for an impermissible purpose, and that the violation was willful or negligent." *Braun v. United Recovery Sys.*, *LP*, 14 F. Supp. 3d 159, 166 (S.D.N.Y. 2014) (collecting cases). One of the permissible purposes for pulling a credit report is when the information will be used "in connection with a credit transaction involving the consumer." 15 U.S.C. § 1681b(a)(3)(A). Paul allegedly misrepresented Dana's intent to be involved in a credit transaction, but Defendants are not liable under FCRA if they reasonably believed that Dana was involved in the transaction. "Courts have applied this 'reasonable belief' standard to [consumer reporting agencies] and users of consumer reports to determine whether their reasons for providing or acquiring the reports are permissible." *Glanton v. DirecTV, LLC*, 172 F. Supp. 3d 890, 896 (D.S.C. 2016) (collecting cases); *accord Bentley v. Tri-State of Branford, LLC*, Civ. No. 14-1157, 2016 WL 2626805, at *2 (D. Conn. May 6, 2016) ("Several courts have found that section 1681b(f) applies the 'reason to believe' aspect of section 1681b(a)(3)(A) to users."); *see also Bickley v. Dish Network, LLC*, 751 F.3d 724, 732 (6th Cir. 2014) (granting summary judgment for a business

5

where an imposter caused the business to obtain in good faith the victim's credit report); *Hudson v. Babilonia*, 192 F. Supp. 3d 274, 299 (D. Conn. 2016) (granting summary judgment on FCRA claims for reports tied to a fraudulent loan when the lender had "no reason to believe the loan was fraudulent").

Here, the Court concludes that Dana has adequately pleaded a FCRA claim for the November 8, 2013 report. Rushford Bank and Schroeder argue that they had reason to believe that they had a permissible purpose because Paul told them that Plaintiff intended to be jointly liable for the loans, and Schroeder had been the Kruckows' loan officer at Merchants Bank. Rushford Bank and Schroeder, however, allegedly undertook no effort to confirm that Plaintiff intended to be jointly liable for the loans. *See Rand v. Citibank*, Civ. No. 14-4772, 2015 WL 510967, at *4 (N.D. Cal. Feb. 6, 2015) (denying a motion to dismiss a FCRA claim because Citibank "knew or should have known" that the plaintiff did not initiate the transaction). Plaintiff has therefore plausibly alleged a FCRA violation. And because the FCRA claim for the November 8, 2013 claim should have survived a motion to dismiss, the Court also concludes that Plaintiff's claim based on the November 8, 2013 report for invasion of privacy, vicarious liability, and civil conspiracy should have similarly survived. (*See* Doc. No. 83 at 16-22 (denying the Defendants' motion to dismiss to the extent that the FCRA claim survived).) Thus, the Court concludes that circumstances exist to vacate, in part, the Court's prior order.

Rushford and Schroeder's arguments to the contrary are unpersuasive. They argue that Plaintiff has failed to identify any procedure that should have been implemented to identify that Dana intended to be jointly liable for the loans. Similarly, Rushford and

Schroeder argue that FCRA does not require written authorization to pull a credit report. Defendants' arguments have some appeal: Indeed, they relied on Paul's representation that his spouse intended to be jointly liable for the loan. But Dana alleges that Defendants undertook no effort to confirm her intent to be liable for the loan. Given that Dana did not intend to be a party to the loan, Defendants did not in fact have a permissible purpose to pull Dana's credit report. Thus, the question is whether Defendants had reason to believe that a permissible purpose existed. Because Schroeder and Rushford allegedly undertook no effort to confirm Dana's involvement, the Court declines to find on a motion to dismiss that there was reason to believe a permissible purpose existed for the November 8, 2013 report. The Court therefore grants Plaintiff's motion.

## ORDER

Based on the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Reconsider (Doc. No. [101]) is **GRANTED**.

2. Consistent with this Order, the Court vacates its prior Memorandum Opinion and Order to the extent that it dismissed Plaintiff's claims for violating FCRA, invasion of privacy, vicarious liability, and civil conspiracy for the November 8, 2013 report.

Dated: December 1, 2017                     s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge

7